UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NICOLE WATKINS D/B/A
PRIORITY ONE GROUP, INC.**                                                                 **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION NO. 4:17-cv-00159**

**PLANTERS BANK & TRUST COMPANY;
BANKER, WELDON AULTMAN IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; GRANT PHILLIPS
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
UNKNOWN BANK TELLER "ABRIA" IN HER
OFFICIAL AND INDIVIDUAL CAPACITY;
UNKNOWN BANK TELLER "DENISHA" IN HER
OFFICIAL AND INDIVIDUAL CAPACITY; AND
UNKNOWN COMPLIANCE OFFICERS A AND B
IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY**                      **DEFENDANTS**

## ORDER

This cause comes before the court on defendants' motion to compel arbitration. Plaintiff Nicole Watkins has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This case involves allegations that defendants discriminated against plaintiff on the basis of her race in their dealings with her check-cashing business. At this juncture, however, the merits of the case are not before this court, since the question now is simply whether it should be referred to binding arbitration. It is undisputed that plaintiff signed a Commercial Signature Card with Defendant Planters Bank & Trust Company, which states that her account is governed by a Commercial Deposit Account Agreement ("the Agreement") containing an arbitration

1

clause. In opposing the instant motion to compel arbitration, plaintiff raises two legal arguments, each of which is squarely refuted by Fifth Circuit precedent.

First, plaintiff argues that the forum selection clause in the Agreement nullifies the arbitration clause at issue in this case. In particular, plaintiff points to the Agreement's language stating that:

> [t]he laws of Mississippi govern this agreement. The courts of that state will have jurisdiction of any dispute in connection with this agreement. You agree that venue will be proper in the courts in the county and city of our office where your representatives signed or delivered this agreement.

[Plaintiff's exhibit 1 at 1]. Based upon this language, plaintiff argues that "[i]t would be unconscionable and a miscarriage of justice if defendants were permitted, by law, to assert portions of the agreement that may prove beneficial to them while disregarding those provisions that may not prove beneficial." [Plaintiff's brief at 1-2]. This argument is defeated, however, by the fact that "a forum selection cannot nullify an arbitration clause unless the forum selection clause specifically precludes arbitration." *Pers. Sec. & Safety Sys. v. Motorola Inc.,* 297 F.3d 388, 396 n.11 (5th Cir. 2002). It is undisputed that the forum selection clause in this case does not, in fact, preclude arbitration, and it is thus apparent that plaintiff's first argument is contrary to the law of this circuit. Plaintiff argues that various equitable considerations support her right to a trial by jury in this case, but this court simply lacks the authority to engage in such a balancing of the equities in this context when Fifth Circuit precedent is clear that the case should be referred to arbitration.

Watkins' second argument is that defendants waived their right to arbitration by removing the case to federal court. However, this court has previously noted that "Fifth Circuit precedent makes it plain that removal of a case to federal court and remand-related activities alone do not constitute substantial invocation of the judicial process." *Am. Bankers Life*

*Assurance Co. of Fla. v. Mister*, 344 F. Supp. 2d 966, 969 (N.D. Miss. 2004) (*citing Williams v. Cigna Financial Advisors, Inc.,* 56 F.3d 656, 661 (5th Cir. 1995)). In arguing otherwise, plaintiff relies upon the Fifth Circuit's recent decision in *Raju v. Murphy*, 709 F. App'x 318, 319 (5th Cir. 2018), but that decision involved facts very different from those here. In particular, the Fifth Circuit in *Raju* relied upon the fact that the plaintiff who sought to invoke the arbitration provision in that case was the same individual who had chosen to file suit, thereby invoking the judicial process. *Id.* In this case, by contrast, it is defendants, not plaintiff, which has filed the motion to compel arbitration, and plaintiff was, of course, the one who filed suit initially. This fact clearly renders *Raju* distinguishable.

While it is true that defendants did remove this case to federal court after it was filed, the Fifth Circuit in *Williams* rejected the argument that the right to arbitration was waived by a defendant who had not only removed a case to federal court, but engaged in quite substantial federal court activities after removing it. Indeed, the defendant in *Williams* removed an action to federal court and thereupon filed motions to dismiss and to stay proceedings, answered the complaint, asserted a counterclaim and exchanged Rule 26 discovery. *Williams*, 56 F.3d at 661. In spite of these actions, the Fifth Circuit held that the defendant "did not 'substantially invoke[ ] the judicial process' and waive its right to seek arbitration." *Id.* This holding defeats plaintiff's arguments that defendants waived arbitration by removing the instant case to federal court, and this court concludes that defendants' motion to compel arbitration is well taken and should be granted.

It is therefore ordered that defendants' motion to compel arbitration is granted, and this case is hereby stayed pending arbitration.[1]

This, the 4th day of September, 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE NORTHERN
DISTRICT OF MISSISSIPPI

---

[1] This court notes that staying an underlying federal lawsuit pending arbitration is a procedure which has been expressly endorsed by the Fifth Circuit in cases where a motion to compel arbitration has been granted. *See e.g. Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017). *See also Green Tree Servicing, L.L.C. v. Dove*, 701 F. App'x 385, 386 (5th Cir. 2017). As noted by the Fifth Circuit in *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006), this practice "pushes this case to arbitration quickly, foregoing delay while the merits are considered on appeal." This practice is also consistent with 9 U.S.C.§ 16(a)(1)(B), which only mentions denials, not grants, of motions to compel arbitration as serving as the proper subject of an immediate appeal.